IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Balint, ) | C.A. No.: |
|       Plaintiff, ) | |
| vs. ) | **C O M P L A I N T** |
| SABIC Innovative Plastics US ) | |
| LLC, and SABIC Defined Benefit ) | |
| Pension Trust Master, ) | |
|       Defendant. ) | |

The Plaintiff, complaining of the Defendants herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of New York.

II.

Defendant SABIC Innovative Plastics US LLC (hereinafter "SABIC") is a corporation organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

Defendant SABIC Defined Benefit Pension Trust Master (hereinafter "the plan") is a self-funded benefit plan organized and existing pursuant to ERISA 29 U.S.C. §1132(d) which have plan participants in and significant ties to Greenville, South Carolina.

IV.

In this matter, Plaintiff seeks disability pension benefits from the Defendant plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Additionally, Plaintiff seeks a declaration that the Defendant SABIC has breached its fiduciary duties pursuant to ERISA 29 U.S.C. §1104 and §1132(c) and Plaintiff seeks an order of the Court compelling the Defendant SABIC to provide documents pursuant to ERISA 29 U.S.C. §1132(c) and imposition of the $110.00 per day penalty provided by the foregoing statute. Additionally, Plaintiff seeks attorney's fees and costs pursuant to ERISA 29 U.S.C. §1132(g). This court has jurisdiction to hear this matter based upon a federal question.

V.

Until September 2016, Plaintiff was employed with SABIC and as an employee of SABIC, Plaintiff was provided with disability pension coverage via a plan which was sponsored by his employer SABIC.

VI.

Plaintiff became disabled because of certain problems from which he suffered. Plaintiff was forced to cease working and he filed a claim for disability pension benefits under the plan.

VII.

Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which

Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

VIII.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial and attempted to fully exhaust administrative remedies, but Defendant SABIC, who is the claims fiduciary of the plan, has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it has failed to provide Plaintiff with the documents that served as a basis for denial as required by 29 C.F.R. § 2560.503-1 despite multiple requests by Plaintiff's counsel (*see* exhibit A hereto which are Plaintiff's collective letters requesting relevant documents). Defendant SABIC had an obligation to provide the documents pursuant to ERISA or risked imposition of up to a $110.00 per day penalty and an award of attorney's fees and costs. Defendant SABIC's failure to provide the requested documents is a breach of its fiduciary duty which has made it impossible for Plaintiff to fully exhaust administrative remedies and Plaintiff is excused from fully exhausting administrative remedies pursuant to the doctrine of futility.

**FOR A FIRST CAUSE OF ACTION**

**(For Benefits Pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B))**

IX.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

X.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and additional evidence *de novo*, and declare, pursuant to 29 U.S.C.

§1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant plan breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

## FOR A SECOND CAUSE OF ACTION

### (For Statutory Penalty)

XI.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XII.

Plaintiff respectfully requests that the Court investigate the matters raised herein and declare that the Defendant SABIC, as plan administrator, had a duty to provide the documents which Plaintiff requested and that the Defendant SABIC breached that fiduciary duty, by not giving Plaintiff the documents he requested despite valid written requests. Plaintiff respectfully requests that the Court compel the Defendant SABIC to immediately provide all documents which Plaintiff has requested, that the Court impose upon the Defendant SABIC a $110.00 per day penalty, pursuant to ERISA 29 U.S.C. §1132(c), for each day that the Defendant SABIC has failed to provide the documents since the first valid

written request and that the Court award Plaintiff attorney's fees and costs pursuant to ERISA 29 U.S.C. §1132(g).  Plaintiff also respectfully requests that the Court award Plaintiff such other and further relief as the Court deems appropriate pursuant to ERISA 29 U.S.C. §1001 *et. seq.*

**WHEREFORE,** having fully stated his complaint against the Defendants, Plaintiff prays for the following relief: 1) for a declaration of entitlement to the disability pension benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of his claim; 2) for a declaration that the Defendant SABIC has breached its fiduciary duty by failing to provide requested documents after a valid written request; 3) that the Court impose upon the Defendant SABIC a penalty of $110.00 per day for each day that the Defendant SABIC has failed to respond to Plaintiff's valid request for documents pursuant to ERISA 29 U.S.C. § 1132(c); 4) for an award attorney's fees and costs pursuant to 29 U.S.C. §1132(g); and 5) such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: December 2, 2022                    Attorneys for Plaintiff